CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAY 0 9 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:07CR00006 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| REYNALDO EVELIO GUILLEN LOBO, | ) | |
| a/k/a "Jhon Rodriquez Eslander," | ) | |
| | ) | By:   B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Indictment charging defendant in Count One with being an alien who had previously been deported from the United States, did knowingly and intentionally re-enter the United States without having obtained the consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security, to re-apply for admission into the United States, all in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2) and Title 18, United States Code, Section 2.

On May 1, 2007, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Count One of the Indictment pursuant to a plea agreement between defendant and the government. In exchange for his guilty plea, the government has agreed to move for the dismissal of the remaining counts of the Indictment as they pertain to the defendant. The defendant acknowledged that the government had probable cause to bring the counts being dismissed.

At this hearing the defendant was placed under oath and testified that his full legal name is

Reynaldo Evelio Guillen Lobo, that he was born on April 18, 1972, and that he received six years of education. The defendant stated that he can only speak and understand a little English.[1] The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. The defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. He also testified that he had read the plea agreement in its entirety and had discussed the plea agreement with his counsel before signing the agreement. He stated that he understood the terms of the agreement and that the document presented to the court set forth his agreement with the government in its entirety. The defendant specifically testified that he understood that under the terms of the agreement he was waiving rights to appeal or to collaterally attack his conviction or sentence. The defendant acknowledged that he knew the government had reserved its right to appeal any sentence imposed below the applicable guidelines range or below the government's recommended sentence. The defendant agreed that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in Count One, including any facts related to sentencing.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises other than those contained in his agreement with the government, or made any assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offense with which

---

[1] An interpreter assisted the defendant during the hearing.

2

he is charged is a felony and that, if his plea is accepted, he will be adjudged guilty of that offense. Moreover, the defendant testified that he understood he will be required to pay a mandatory assessment of $100. The defendant acknowledged that he consented to the abandonment, official use and/or destruction of contraband or personal property seized by any law enforcement agency from his possession or from his direct or indirect control.

The defendant was informed that the maximum possible penalty provided by law for Count One is a fine of $250,000 and/or twenty years imprisonment, plus a term of supervised release. The defendant was further informed that his assets might be subject to forfeiture.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report had been prepared and both parties had been given an opportunity to challenge the reported facts and the application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty.

The defendant was informed that if he fulfilled his obligations under the plea agreement that the government agreed to recommend he be sentenced at the low end of the applicable guidelines range. The defendant was further informed that the government may object to a motion for downward departure. The defendant stated he was aware that the government would not object to a request that he be allowed to serve any term of imprisonment at a local correctional facility. The defendant stated that he was aware that pursuant to the sentencing guidelines the sentencing judge could add or subtract up to four sentencing points to his sentencing level based upon his role in the offense. The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a), and because he meets the listed criteria, he should be granted an additional one-level (1) reduction under USSG 3E1.1(b). The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration. The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case. The defendant stated he understood that except as set forth in the plea agreement, there would be no further prosecution in the Western District of Virginia, except tax violations, about which the government has knowledge obtained from him or during the investigation giving rise to the charges stated in the Indictment.

4

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elected to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of the charges against him, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.[2]

The defendant stated that he was fully satisfied with the advice and representation given to him in this case and that his attorney had been effective. The defendant testified that he understood the possible consequences of his plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept his plea of guilty to Count One of the Indictment.

## THE GOVERNMENT'S EVIDENCE

The government filed in open court a Memorandum Of Investigation to which defendant had no objection. The Memorandum is attached to this Report and incorporated herein.

## FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following

---

[2] The defendant would not possess these rights which appertain only to citizens.

5

Case 5:07-cr-00006-GEC-mfu   Document 24   Filed 05/09/07   Page 5 of 7   Pageid#: 53

formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One of the Indictment and adjudge him guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for July 23, 2007 at 1:30 p.m. before the presiding District Judge in Harrisonburg.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
United States Magistrate Judge

5-09-07
Date

7

Case 5:07-cr-00006-GEC-mfu   Document 24   Filed 05/09/07   Page 7 of 7   Pageid#: 55