CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 0 5 2008

JOHN F. CORCORAN, CLERK
BY: /s/ 
 DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Civil Action No. 5:08-cv-80070 |
| ) | Criminal Action No. 5:07-cr-6 |
| v. ) | |
| ) | **§ 2255 MEMORANDUM OPINION** |
| **REYNALDO EVILIO** ) | |
| **GUILLEN-LOBO,** ) | By: Hon. Glen E. Conrad |
| Defendant-Petitioner. ) | United States District Judge |

Defendant-petitioner Reynaldo Evilio Guillen-Lobo, a federal prisoner proceeding pro se, brings this timely motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct sentence. Guillen-Lobo argues that the court sentenced him to an unreasonable amount of time and that he received ineffective assistance of counsel. The United States filed a motion to dismiss, and the time for Guillen-Lobo's response has expired, making the matter ripe for the court's disposition.[1] For the reasons that follow, the court will grant the United States' motion to dismiss.

## I. Facts

On January 24, 2007, a grand jury in the Western District of Virginia returned a three count indictment that charged Guillen-Lobo with illegally entering the United States three times after previously being deported, in violation of 8 U.S.C. § 1326(a) and (b)(2).[2] (Docket #1.) On April 2, 2007, the United States filed a Notice of Enhanced Punishment based on Guillen-Lobo's prior convictions in state court.[3]

---

[1] Notice of the United States' motion to dismiss was sent to Guillen-Lobo on September 19, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The notice informed Guillen-Lobo of his right to respond to the motion within twenty days. Guillen-Lobo did not file a response.

[2] The indictment alleged that Guillen-Lobo illegally entered the United States on or about December 1, 2006 (Count One), January 24, 2005 (Count Two), and February 21, 2001 (Count Three).

[3] On August 17, 2001, Guillen-Lobo was convicted in state court for forging a public record, Va. Code § 18.2-168. On August 13, 2005, he was convicted in state court for making false statements to obtain credit, Va. Code § 18.2-186; failing to stop for a law enforcement officer, Va. Code § 46.2-817(B); and failing to return rental

On May 1, 2007, Guillen-Lobo consented to have his Federal Rule of Criminal Procedure 11 hearing held before the United States Magistrate Judge. At the hearing, Guillen-Lobo pleaded guilty to Count One, pursuant to a written plea agreement. The plea agreement stated in pertinent part as follows: Guillen-Lobo would plead guilty to Count One of the indictment in exchange for the dismissal of the remaining counts; the United States would recommend that the court sentence him in the low end of the applicable guidelines range; the maximum statutory sentence of imprisonment for Count One is twenty years; Guillen-Lobo would waive his right to appeal and to collaterally attack the sentence except for claims of ineffective assistance of counsel not known to him after his guilty plea; and the court would have the ultimate discretion to determine the length of his sentence, up to the maximum allowed by law. (Plea Agt. (docket #23).) Guillen-Lobo initialed each page of the plea agreement, and Guillen-Lobo, his counsel, and the Assistant United States Attorney signed their names at the end of the plea agreement. The court adopted the United States Magistrate Judge's Report and Recommendation and adjudged Guillen-Lobo guilty of Count One. (Docket #25.)

On October 9, 2007, the court conducted Guillen-Lobo's sentencing hearing. The court sentenced him to serve forty-five months imprisonment, three years of supervised release, and a $100 special assessment. (Am. J. (docket #33).) Guillen-Lobo did not file a direct appeal. On July 7, 2008, Guillen-Lobo filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

Guillen-Lobo now claims that:

A.  The court sentenced him to an unreasonable period of incarceration after looking

---

property, Va. Code § 18.2-118.

  at the specific facts underlying his state court convictions to qualify those convictions for the aggravated felony enhancement; and

B. He received ineffective assistance of counsel because he relied on counsel's sentence prediction to enter his guilty plea, but he actually received a longer sentence.

## II. Discussion

After conviction and exhaustion, or waiver of any right to appeal, courts and the public can presume that defendants stand fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). However, § 2255 proceedings are not intended to serve the same functions as an appeal. Frady, 456 U.S. at 165. In order to petition a court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A § 2255 petitioner is "entitled to an evidentiary hearing only to resolve disputed issues of material fact," which requires "a colorable claim to relief by showing that the alleged additional facts, if true, would at least arguably compel the granting of the writ." Poyner v.

3

Murray, 964 F.2d 1404, 1422 (4th Cir. 1992) (internal quotation marks and citation omitted). Because § 2255 proceedings are civil actions, petitioners must establish their allegations by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965). Pro se petitioners are entitled to have their petitions liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, a hearing must be denied if the petitioner's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently false or frivolous to warrant summary dismissal. See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988); Blackledge v. Allison, 431 U.S. 63, 76 (1977).

Generally, a § 2255 petitioner who failed to raise a claim on direct appeal is barred from raising that claim on collateral review if a respondent raises the procedural default affirmative defense. See Sanchez-Llamas v. Oregon, 548 U.S. 331, 350-51 (2006); Bousley v. United States, 523 U.S. 614, 621 (1998). A petitioner is excused from default if he can demonstrate both cause for not raising the claim on appeal and resulting prejudice.[4] Bousley, 523 U.S. at 622. The "existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). A petitioner must then demonstrate "that the error worked to his actual and substantial disadvantage, not merely that the error created a possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (citing Murray v. Carrier, 477 U.S. 478, 494 (1986)) (internal quotation marks omitted).

---

[4] A failure to allege cause and actual prejudice may be excused if the petitioner can show that a fundamental miscarriage of justice will result if the court does not excuse the petitioner's procedural default. Sawyer v. Whitley, 505 U.S. 333, 339 (1992). However, Guillen-Lobo has not argued that his case falls within the narrow class of cases that implicate a fundamental miscarriage of justice. See Schlup v. Delo, 513 U.S. 298, 314-15 (1995).

4

A.

Guillen-Lobo claims that the court sentenced him to an unreasonable period of incarceration. He argues that the court erroneously calculated his sentence by looking at the specific facts underlying his state court convictions in finding that those convictions qualified as predicate offenses to subject him to an aggravated felony enhancement. See U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(C). However, Guillen-Lobo did not file a direct appeal and raises this issue for the first time on collateral review. The United States asserts its affirmative defense of procedural default. Therefore, the court finds that Guillen-Lobo has procedurally defaulted this claim. Inasmuch as Guillen-Lobo has not presented any arguments to excuse his procedural default, the court must dismiss this claim.[5]

B.

Guillen-Lobo also claims that he received constitutionally ineffective assistance of counsel. Ineffective assistance of counsel claims are properly addressed upon § 2255 motions and generally cannot be raised on direct appeal unless counsel's ineffectiveness conclusively appears on the record. See Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that federal habeas petitioner may bring ineffective assistance claim in § 2255 proceedings whether or not he could have raised the claim on direct appeal). To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need

---

[5] Even if Guillen-Lobo had not procedurally default this claim, relief would be precluded because the sentencing court considered the factors found in 18 U.S.C. § 3553(a), the sentencing court stated its reasoning on the record, and the sentence imposed was within the maximum sentence allowed by law. See 18 U.S.C. 3553; United States v. Pauley, 511 F.3d 468, 472-73 (4th Cir. 2007).

to inquire whether he has satisfied the other prong. Id. at 697. Furthermore, an attorney's acts or omissions "that are not unconstitutional individually cannot be added together to create a constitutional violation." See Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

Second, a petitioner must demonstrate "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair proceeding. Id. at 687. For a conviction obtained by guilty plea, counsel's deficient performance becomes prejudicial only if "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). This test is an objective inquiry and dependent on the likely outcome of a trial had the defendant not pleaded guilty. See Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988); Hill v. Lockhart, 474 U.S. 52, 59-60 (1985). "A reasonable probability [i]s a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In this case, Guillen-Lobo pleaded guilty to Count One of his indictment in exchange for the United States' dismissal of the two remaining counts. Therefore, the deficient performance would have to be so great as to convince

6

a reasonable person to forgo Guillen-Lobo's plea agreement and proceed to trial on all three counts.

Guillen-Lobo alleges that counsel did not correctly predict the length of incarceration that he received. Counsel states in his affidavit that, at the time Guillen-Lobo entered his guilty plea, counsel "predicted for him that his sentencing range would probably be thirty-three to forty-one months if the court found that one of his [state court] convictions qualified as an aggravated felony, and twenty-four to thirty months if he [was] found not to have an aggravated felony on his record." (Resp. Aff. at 2.) When counsel made this prediction, neither Guillen-Lobo nor counsel had any predictions as to whether the court would find that Guillen-Lobo's prior convictions qualified as aggravated felonies. Therefore, Guillen-Lobo expected to be imprisoned for up to forty-one months after relying on his counsel's prediction before he entered his guilty plea. The court ultimately sentenced Guillen-Lobo to forty-five months imprisonment, four months more than the maximum sentence Guillen-Lobo expected to serve after relying on counsel's prediction. Under these circumstances, a four-month difference between the imposed sentence and counsel's maximum predicted sentence does not support a finding of constitutionally defective performance under Strickland.

Even assuming, arguendo, that counsel's performance was deficient, Guillen-Lobo was not prejudiced because Guillen-Lobo was repeatedly informed of the potential severity of his sentence. See United States v. Foster, 68 F.3d 86, 87-88 (4th Cir. 1995) (holding that trial court's Rule 11 colloquy cured any prejudice under Strickland for any misinformation about sentencing that defendant received from his attorney); United States v. Lambey, 974 F.2d 1389, 1396 (4th Cir. 1992) (holding that no prejudice under Strickland resulted to support guilty plea

7

withdrawal when court clearly informed defendant of maximum lawful sentence at the Rule 11 colloquy and defense counsel's estimates were reasonable). Guillen-Lobo affirmed that his counsel discussed the terms of the plea agreement with him. (Sent. Tran. (docket #46) 3:11-16.) The plea agreement with the United States did not stipulate any applicable guideline calculations, but the United States agreed "to recommend a sentence of incarceration at the low end of the applicable sentencing guidelines range." (Plea Agt. at 3.) However, Guillen-Lobo affirmed that he "underst[oo]d the Court is not bound by [the United States'] recommendation and may sentence up to the maximum provided by law." Id. at 3, 6. Guillen-Lobo was aware at the time of his Rule 11 plea colloquy that the maximum imprisonment for Count One was twenty years. (Magistrate J. Report and Recommendation (docket #24) at 3.) Furthermore, the magistrate judge noted in the Report and Recommendation after the plea hearing that Guillen-Lobo:

> testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report had been prepared and both parties had been given an opportunity to challenge the reported facts and the application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty.

Id. Guillen-Lobo also affirmed that no one had made any promises to him other than those contained in his plea agreement. Id. at 2. Therefore, there is no evidence that Guillen-Lobo was prejudiced under Strickland by his counsel's prediction because he was consistently informed of the court's discretion to sentence him within the maximum sentence allowed by law, despite counsel's prediction. Accordingly, the court must dismiss Guillen-Lobo's ineffective assistance

8

of counsel claim.

### III. Conclusion

For the foregoing reasons, the court grants the United States' motion to dismiss and denies Guillen-Lobo's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to defendant-petitioner and counsel of record for the United States.

**ENTER**: This 5th day of December, 2008.

/s/ Glen Conrad
United States District Judge